| AO 10 Rev. 1/2008 | **FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2008** | *Report Required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111)* |

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Gottschall, Joan B. | U.S. District Court, NDIL | 07/9/2009 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| District Judge--active status | ☐ Nomination, Date ☐ Initial ☑ Annual ☐ Final | 01/01/2008 to 12/31/2008 |
| | 5b. ☐ Amended Report | |

| 7. Chambers or Office Address | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. |
|---|---|
| 219 South Dearborn Street Room 2356 Chicago, IL 60604 | Reviewing Officer_____ Date_____ |

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

# I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. Member | Visiting Committee to the Divinity School, University of Chicago |
| 2. Member, Board of Directors | Illinois Humanities Council |
| 3. Member, Board of Directors | Martin Marty Center at the University of Chicago Divinity School |
| 4. | |
| 5. | |

# II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

RECEIVED 2009 JUL 14 A 11: 08 FINANCIAL DISCLOSURE OFFICE

Gottschall, Joan B

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 07/9/2009 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME<br>(yours, not spouse's) |
|---|---|---|---|
| 1. | | See Section VIII, note 1. | $0.00 |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS — *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☑ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| Name of Person Reporting | Date of Report |
| --- | --- |
| Gottschall, Joan B. | 07/9/2009 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
| --- | --- | --- |
| 1. See Part VIII, Note 5 | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
| --- | --- | --- |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 07/9/2009 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Vanguard Wellington Fund | B | Dividend | K | T | | | | | |
| 2. Vanguard Wellesley Fund | B | Dividend | K | T | | | | | |
| 3. Vanguard Index Trust | B | Dividend | L | T | | | | | |
| 4. Vanguard Prime Portfolio | A | Dividend | K | T | | | | | |
| 5. Van Kampen Emerging Growth Fund (renamed Strategic Growth A) | | None | | | Sold | 1/18 | J | | See Pt. VIII, n. 4 |
| 6. US Treasury Strip (11-15-09) | | None | J | T | | | | | |
| 7. Fed Empl Credit Union Acts | A | Interest | K | T | | | | | |
| 8. IBM common stock | A | Dividend | J | T | | | | | |
| 9. Sr.Hi Inc Port. (renamed BlackRock Sr.Hi.Inc.) | A | Dividend | | | Sold | 4/23 | J | | See Pt. VIII, n.4 |
| 10. Time Warner c/stock | A | Dividend | | | Sold | 4/23 | J | | |
| 11. Intel c/stock | A | Dividend | J | T | | | | | |
| 12. Waste Management c/stock | A | Dividend | J | T | | | | | |
| 13. Vanguard Tax-Managed Growth & Income Fund | A | Dividend | J | T | | | | | |
| 14. Hewlett-Packard c/stock | A | Dividend | J | T | | | | | |
| 15. Caremark c/stock (Now CVS Caremark) | A | Dividend | J | T | | | | | |
| 16. MFS Mid-Cap Growth Fund B | | None | J | T | | | | | |
| 17. Putnam New Value Fund | | None | | | Sold | 1/18 | K | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 07/9/2009 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐  NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18.  MFS Value Fund B | A | Dividend | K | T | | | | | See Pt. VIII, #3 |
| 19.  Vanguard Capital Opportunity Fund | A | Dividend | J | T | | | | | |
| 20.  BlackRock Large Cap Value | A | Dividend | J | T | | | | | |
| 21.  BlackRock Value Opportunities | A | Dividend | J | T | | | | | |
| 22.  I Shares Russell 1000 Growth Index Fd. | A | Dividend | J | T | Buy | 4/28 | J | | Bought more |
| 23.  Third Avenue Fund | A | Dividend | J | T | Buy | 4/28 | J | | Bought more |
| 24.  Third Avenue Fund | A | Dividend | | | Sold | 10/29 | J | | |
| 25.  I Shares Russell Midcap Index Fd. | A | Dividend | J | T | Buy | 8/6 | J | | Bought more |
| 26.  I Shares Russell 2000 Growth Index Fd. | A | Dividend | J | T | | | | | |
| 27.  Vanguard Intern'l Eq. Idx. Emerg. Mkt. Etf. | A | Dividend | J | T | Buy | 4/28 | J | | Bought more |
| 28.  I Shares Russell 2000 Index Fd. | A | Dividend | J | T | | | | | |
| 29.  I Shares Russell Midcap Growth Index | A | Dividend | J | T | | | | | |
| 30.  JP Morgan Growth Advantage Fd. | | None | J | T | Buy | 4/24 | J | | Bought more |
| 31.  JP Morgan Intrepid Intern'l Fd. | A | Dividend | J | T | Buy | 4/24 | J | | Bought more |
| 32.  JPMorgan Intrepid Intern'l Fd. | A | Dividend | J | T | Sold (part) | 10/27 | J | | |
| 33.  JP Morgan Asia Equity Fd. | A | Dividend | J | T | Buy | 4/24 | J | | Bought more |
| 34.  JPMorgan Asia Equity Fd. | A | Dividend | J | T | Sold (part) | 10/27 | J | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 07/9/2009 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 35. JP Morgan Tax Aware Short Intrmed Inc. | A | Dividend | J | T | | | | | |
| 36. JP Morgan Intermed. Tx. Free Bond | C | Dividend | L | T | Buy | 4/24 | K | | Bought more |
| 37. JP Morgan Tax Aware Real Ret. Fd. | A | Dividend | J | T | Buy | 4/24 | J | | Bought more |
| 38. JP Morgan Intrepid Growth Fd. | | None | | | Buy | 4/24 | J | | Bought more |
| 39. JPMorgan Intrepid Growth Fd. | | None | | | Sold | 10/27 | J | | |
| 40. Fidelity Adv. Hi Inc Advantage Fd. | A | Dividend | J | T | Buy | 4/24 | J | | Bought more |
| 41. Fidelity Adv. Hi Inc Advantage Fd | A | Dividend | J | T | Buy | 8/4 | J | | Bought more |
| 42. Harbor Fd. Intern'l Fd. Instl C1 | A | Dividend | K | T | Buy | 4/24 | K | | Bought more |
| 43. JP Morgan US Large Cap Core Plus | A | Dividend | K | T | | | | | |
| 44. JP Morgan US Equity Fd. | A | Dividend | J | T | Buy | 4/24 | J | | Bought more |
| 45. JP Morgan Intrepid America Fd. | A | Dividend | J | T | Buy | 4/24 | J | | Bought more |
| 46. JPMorgan Intrepid America Fd. | A | Dividend | J | T | Buy | 8/4 | J | | Bought more |
| 47. JP Morgan/Chase checking account | A | Interest | J | T | | | | | Constant changes |
| 48. JP Morgan/Chase savings account | A | Interest | O | T | | | | | Constant changes |
| 49. JP Morgan Chase 100% US Treasury MM Fd. (asset acct) | A | Dividend | J | T | | | | | See Part VIII, n.2 |
| 50. JP Morgan Chase 100% US Treasury MM Fd. (investment acct) | A | Dividend | M | T | | | | | See Part VIII, n.2 |
| 51. JP Morgan Chase 100% US Treasury MM Fd. (retirement account) | A | Dividend | K | T | | | | | See Part VIII, n.2 |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 07/9/2009 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 52. JP Morgan Chase CD | E | Interest | | | Matured | 4/25 | O | | |
| 53. JPMorgan Chase CD | D | Interest | | | Buy | 4/26 | O | | |
| 54. JPMorgan Chase CD | D | Interest | | | Matured | 11/25 | O | | |
| 55. JPMorgan Short Duration Bd. Fd. | A | Interest | J | T | Buy | 4/24 | J | | |
| 56. IShares Tr US Treas. Infln.Prot.Secs. Fd. | A | Dividend | K | T | Buy | 4/28 | K | | Renamed Barclays Tips Bd. |
| 57. JPMorgan Intern'l Value Fund | A | Dividend | J | T | Buy | 8/4 | J | | |
| 58. JPMorgan Highbridge Stat Mkt Neut Fd | A | Dividend | J | T | Buy | 8/4 | J | | |
| 59. Manning & Napier Fd Inc New Eq Ser | A | Dividend | J | T | Buy | 8/4 | J | | |
| 60. Spdr Tr Unit Ser 1 | A | Dividend | J | T | Buy | 8/6 | K | | |
| 61. Eaton Vance Invt Tr Lg Cap Value Fd | A | Dividend | K | T | Buy | 10/27 | J | | |
| 62. Dodge & Cox Fds Intl Stk Fd | A | Dividend | J | T | Buy | 10/27 | J | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 07/9/2009 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

NOTE 1 (Section III)
I am a shareholder in a ▆▆▆ business as was described fully in my 1991 Financial Disclosure Report and in the October 23, 1991, Opinion of the Committee on Codes of Conduct, which was attached to that Report and is attached hereto. I realized no income from this business during the reporting period.

NOTE 2 (Section VII, ll. 61-63)
I have renamed the "brokerage account" the "stock account" to assist in my own record keeping. The entries on lines 50-52 are sweep accounts, meaning that interest, dividends and receipts from asset sales are swept into these accounts and amounts for purchases are taken from these accounts. "Transactions" in these accounts thus take place daily as money is swept in and swept out. I have set forth the value on the last day of 2008, but have not attempted to account for the daily change in value due to these constant "transactions."

NOTE 3 (Section VII, l.18)
This asset will henceforth be identified by its symbol, MFEB X, since it is identified differently by name on different statements.

NOTE 4 (Section VII, ll. 5, 9)
These assets, which were sold during 2008, were acquired before 1995, and were held in IRA accounts, meaning that basis information was never preserved by the brokers or provided to me on monthly brokerage statements. The assets were acquired from brokers with whom I have not worked for many years. I spent many hours (days) trying to ascertain basis information from individual monthly brokerage statements which were old, disordered and/or incomplete. These assets had probably experienced stock dividends and stock splits, and had definitely undergone name changes, making basis determinations very difficult. While I might be able to determine the basis for each asset if I spent weeks organizing and combing through monthly brokerage statements, I concluded after many days of work that the effort was so close to futile and was interfering so significantly with my judicial work that I should abandon it. I concluded that I suffered a loss on the sale of these assets; this conclusion represents only my best estimate from the many days I spent trying to piece this information together. My current broker recommended selling these assets as non-performing. It is her opinion, based on historical information to which she has access, that I sold each at a loss.

NOTE 5 (Section V)
In past years, I have reported as a "gift" the difference between what I pay as a monthly fee to the Union League Club of Chicago and what a non-judicial member of the public would pay in dues. This year, as a result of legislation restricting judges' ability to receive honorary club memberships, various colleagues of mine, including the Chief Judge of my Circuit, researched the nature of the "judicial memberships" most of us enjoy. Research by various of my colleagues has determined that judges are NOT members of the Club, but rather pay a monthly fee (the same fee that is paid by members of the clergy and military privilege holders) in order to enjoy certain limited club privileges, for most of which judges pay the same amount as do regular Club members. The Club has indicated that the $73 monthly fee paid by judges for these privileges more than covers the overhead costs incurred by the Club in connection with such privilege holders. Because I have learned that I do not hold a membership in the Club and simply pay a monthly fee to hold limited privileges (which I pay for as I use), I do not believe it is appropriate to report this matter as a gift, and do not do so in this Report. I am attaching a letter from M. Margaret McKeown to Chief Judge Frank Easterbrook setting forth the opinion of the Committee on Codes of Conduct in response to Judge Easterbrook's inquiry.

## IX. CERTIFICATION.

    I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

    I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.



Sig

**NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FA▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮Y BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)**

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

# ATTACHMENT TO NOTE 1

COMMITTEE ON CODES OF CONDUCT
OF THE
JUDICIAL CONFERENCE OF THE UNITED STATES
FEDERAL BUILDING, LOCKBOX 33
844 KING STREET
WILMINGTON, DELAWARE 19801

JUDGE R. LANIER ANDERSON, III
JUDGE FRANKLIN S. BILLINGS, JR.
JUDGE JOHN P. FULLAM
MAGISTRATE HENRY L. JONES, JR.
JUDGE JOHN B. JONES
JUDGE NATHANIEL R. JONES
JUDGE ROBERT C. JONES
JUDGE HENRY A. POLITZ
JUDGE DAVID SAM
JUDGE ROBERT M. TAKASUGI
JUDGE JOSEPH L. TAURO
JUDGE PATRICIA M. WALD
JUDGE HIRAM H. WARD
JUDGE JAMES B. ZAGEL

JUDGE WALTER K. STAPLETON
CHAIRMAN

TELEPHONE
COM: (302) 573-6165

R. TOWNSEND ROBINSON
COUNSEL

October 23, 1991

The Honorable Joan B. Gottschall
United States District Court
219 South Dearborn Street
Chicago, Illinois  60604

> Re:  Docket No. 828

Dear Judge Gottschall:

In 1986, 1987, and 1988 you, along with ████████, edited and proofread a manuscript on a non-legal subject written by ████████. The manuscript was published as a book by ████ ████. The book is selling well enough to produce income for its publisher, author, and editors. ████████ who reside in Canada have proposed formation of a partnership under Canadian laws whose assets will be all the rights to the book. The partners will be ████████████████████ you. After the partnership is formed, it will, in turn, be dissolved and the assets transferred to a Canadian corporation whose shareholders will be the partners of the dissolved partnership. After the partnership is formed, your sole role will be to serve as a shareholder. As a shareholder, you will share in proceeds arising from the sales of the book and the use of the rights to the book. You ask whether you may participate in this arrangement without transgressing either the Code of Conduct for United States Judges or the Ethics Reform Act of 1989.

The receipt of income from writing or editing a book is permitted under the Code of Conduct. Canon 5A says, "A judge may write ... on non-legal subjects." The Committee believes that editing and proofreading are activities covered by the word "writing." And the Committee has approved, at least implicitly, the receipt of income from writing. Advisory Opinion No. 55. There are restrictions on the manner in which a judge's name may be used in the promotion of a book, but, we assume, these restrictions are not likely to be involved in your case since you are not the author and your name is unlikely to be used in connection with selling of the book. Nor is there anything about the nature of the

The Honorable Joan B. Gottschall
October 23, 1991
Page Two

book, "Food and the Gut Reaction", that suggests your association with the book would "detract from the dignity of the judge's office." Canon 5A.

Under Canon 5C(2) a judge may serve as a "director [or] active partner . . . of any . . . business wholly owned by ██████ ████████████████ all of whom are related to the judge . . . within the third degree . . . according to the civil law system." ███████████████████ are related to you within the third degree, and you may be their partner in a █████ business or a shareholder in the █████ corporation. The language of the Canon permits, a fortiori, your participation as an inactive partner and a non-officer shareholder in a █████ enterprise. Your participation in the enterprise would not violate your duty under Canon 5C.3 to "manage . . . financial interests to minimize the number of cases in which the judge is disqualified"; this is so because you could not, in any event, hear cases in which ████████████████████ have an interest. Canon 3C1(d).

Finally, the Ethics Reform Act does not generally prohibit either serving as a partner or a shareholder. There are specific limitations to such activity, but these are not, save one, remotely applicable here. Regulations of the Judicial Conference of the United States Under Title VI of the Ethic Reform Act of 1989 ("Title VI Regulations"). The Title VI Regulations do bar any service "for compensation as an officer or member of the board of any . . . corporation or other entity."
§ 5(a)(4). In your case, you will not serve as an officer or board member and the prohibition of § 5(a)(4) does not apply to your proposed activity.

You also should be aware that the Ethics Reform Act limits the amount of outside income earned in any one year. The income limit is not applicable in your circumstances. Title VI Regulations § 3(b)(2) provides that "funds received for services rendered . . . before January 1, 1991" are not outside earned income.

The Committee advises that the course of action proposed by you is consistent with the Codes of Conduct and the Title VI Regulations of the Judicial Conference.

For the Committee



Chairman

# ATTACHMENT TO NOTE 5

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**
**401 WEST A STREET, SUITE 2000**
**SAN DIEGO, CALIFORNIA 92101-7908**

JUDGE M. MARGARET McKEOWN
    CHAIR

JUDGE JANICE ROGERS BROWN
JUDGE KAREN K. BROWN
JUDGE CAMERON McGOWAN CURRIE
JUDGE JAY A. GARCIA-GREGORY
JUDGE ANDREW S. HANEN
JUDGE VIRGINIA M. KENDALL
JUDGE RICHARD G. KOPF
JUDGE ALAN D. LOURIE
JUDGE ALAN H. NEVAS
JUDGE JOHN M. ROGERS
JUDGE JEROME B. SIMANDLE
JUDGE HUGH B. SCOTT
JUDGE RONALD A. WHITE
JUDGE CHARLES R. WILSON

Tel (619) 557-5300



ROBERT DEYLING
COUNSEL
Tel (202) 502-1100

November 12, 2008

Honorable Frank H. Easterbrook
Chief Judge
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Chicago, IL 60604

      Re:    Docket No. 2071

Dear Chief Judge Easterbrook:

      The Committee on Codes of Conduct ("Committee") is pleased to respond to your inquiry. Please note that this response is advisory only and is based solely on the judgment of Committee members.

      Your inquiry involves an interpretation of a recent amendment to the Ethics Reform Act of 1989, 5 U.S.C. § 7353. This provision states that "[a] judicial officer may not accept a gift of an honorary club membership with a value of more than $50 in any calendar year." ("Club Amendment"). The Director of the Administrative Office of the United States Courts has issued guidance stating that prohibited "honorary club membership" means honorary membership in "social and recreational associations, such as country clubs, athletic clubs, and eating clubs," but that the legislation "does not restrict judges from accepting discounted or complimentary memberships in professional organizations, including bar

associations." Memorandum from James C. Duff to Judges, U.S. Courts (Oct. 20, 2008).

You inquire whether your acceptance of privileges at the Union League Club ("Club") for a monthly fee of $73 violates the honorary club membership restriction. Information about the Club and your privileges is contained in your inquiry and in a memorandum that you supplied from another privilege holder who is a federal district judge in Chicago.

The Club offers seventeen membership categories, including "Honorary Members," but judges do not participate under any of these membership categories. Instead, the Club offers judges access to Club facilities and services as "Judicial Privilege Holders." The Club has similar Privilege Holder categories for clergy, distinguished artists, elected officials, consuls general, military officers, and relatives of members. Privilege Holders have restricted rights in the Club; they may not vote, hold any office in the Club, or serve on a standing committee.

Each Judicial Privilege Holder pays a $73 monthly fee, the same fee that is charged to clergy and military Privilege Holders. Consuls general, distinguished artists, and elected officials pay no monthly fee. The $73 fee is equal to the fee charged to the youngest class of Members. Privilege Holders may eat at the Club, host banquets and other meetings, use the barber shop, and stay in the hotel rooms. Privilege Holders pay the same amount for these services as regular Members. Services available to Privilege Holders do not include the Club's athletic facilities, for which an extra monthly fee is required. Members' fees rise over time (to a high of $245 a month), but the Club only raises the Privilege Holder/young Member fee occasionally to cover increased overhead costs. The Club has indicated that the $73 monthly fee more than covers the overhead costs incurred by the Club with respect to each individual in that dues category.

According to section (a)(1) of the Club Amendment, the term "gift" takes its meaning from section 109(5) of the Ethics in Government Act, 5 U.S.C. App., and includes "a payment, advance, forbearance, rendering, or deposit of money, or anything of value, unless consideration of equal or greater value is received by the donor." While the terms "honorary" and "membership" are not defined, the statute appears to apply to gifts of special access privileges extended to judges because of their office and offered at a rate below that paid by individuals who are not judges.

The Club falls within the category of clubs covered by the Club Amendment. We advise, however, that acceptance of privileges in the "Judicial Privilege Holders" category of the Union League Club does not constitute a prohibited honorary club membership. Our conclusion is based on the following rationale. The Club has multiple access categories tailored to privileges and requiring different fees. Members are distinguished from Privilege Holders; only Members have membership rights, such as serving on the Club's board or sponsoring an individual for membership. Although there is a membership category for Honorary Members, Judicial Privilege Holders are not included in that category. While certain categories of Privilege Holders are not required to pay any fees, Judicial Privilege Holders pay a monthly fee of $73, which covers the actual costs associated with such privileges. Further, Privilege Holders are required to pay for individual goods and services at the Club's going rate.

According to the information provided, Judicial Privilege Holders appear to provide "consideration of equal or greater value" for the limited privileges they receive. Privilege Holders have restricted Club governance rights, and must pay extra for use of the athletic facilities. They do not receive discounts for Club services, such as meals or hotel rooms. Because Judicial Privilege Holders are paying a rate corresponding to an estimated fair market value of the privileges received, membership is not a gift from the Club. The Committee therefore concludes that your membership under the terms described above is not a gift that constitutes "an honorary club membership with a value of more than $50."

The Committee treats all inquiries and responses as confidential and will disclose information about them only in the narrow circumstances described in the Committee's confidentiality policy (set forth in paragraph two of the Preface to Volume II, *Guide to Judiciary Policies and Procedures*). As recipient of this letter, you may use it as you please.

We hope this response has been helpful. If you have any further question, please call or write.

For the Committee,

M. Margaret McKeown
Chair

3